HANLON, JUDGE:
On August 29, 1984, claimant was operating an automobile, titled in his father's name, on State Route 92 at Callison Curve, Greenbrier County. He was travelling in the northbound lane. His vehicle apparently struck gravel, whereupon he lost control, and the vehicle crossed the southbound lane and proceeded over a hill and dropped approximately 50 feet into a field. Claimant seeks $55,000.00 for damage to the vehicle, lost wages, and pain and suffering.
Claimant alleges that the site of the accident was not identified by signs or other warning devises, that there was no guardrail, and that respondent's failure to maintain the same constitutes *177 negligence. Respondent contends that the proximate cause of the accident was claimant's negligence and that the erection of guardrails is discretionary rather than mandatory.
Claimant testified that it was foggy and dark when he left his home in Lewisburg, at about 4:45 a.m., to travel to Vepco in Bath County, Virginia. He was an employee of Allis-Chalmers. He admitted that he was familiar with this route as he had been travelling it to work for four and one-half months. He estimated his speed to be 25 to 30 miles per hour at the time of the accident. Although the vehicle was titled in his father's name, claimant had possession of the vehicle and drove it daily. At the time of this incident, he was unaware of any defects in the automobile. He was 20 to 21 miles from his home when the accident occurred. He was in the right-hand, northbound travel lane when he heard the gravel. He remembers only the sound of the gravel, and no other specific details of the accident. He stated, "... since it was light fog, I could probably see a couple of car lengths or so ahead of me."
Ira Young, who lives about twelve miles up Route 92 beyond Alvon, in Greenbrier County, testified regarding the accident site. He stated that he formerly drove a school bus for 28 years. He experienced sliding at the curve, and, in fact, testified, "Well, when you're going north and go around the curve, it elevates to just throw you over the hill. I've been going south on that curve on that side and there's been wrecks there and you have to stop and like ice on the road, your school bus will just slip right over just setting still. I've done that lots of times." He indicated that he had contacted respondent concerning the lack of guardrails in that particular curve.
Claude Blake, an investigator for respondent, testified that he had no personal knowledge as to which signs were present at the site of the accident in August, 1984. He agreed that the guardrails currently in placed were not present at the time of the accident, and he confirmed that it is a 50-foot drop from the road to the field where the claimant and the automobile came to rest.
Two certified engineers with respondent agency testified that notice had been given to respondent. Charles Raymond Lewis, III, Planning and Research Engineer for respondent, stated that the respondent was aware that there had been accidents prior to August 1984 at Callison Curve which involved vehicles going over the embankment. The respondent was also aware that petitions had been filed and letters of complaint had been written to the respondent concerning the Callison Curve. Robert C. Ware, an engineer for respondent in District 9, stated that the respondent's office in Lewisburg was aware, prior to August, 1984, that complaints were made concerning the safety of Callison Curve.
The Court finds that the particular facts of this claim establish negligence on the part of the respondent. Respondent failed to eliminate an unusual hazard which had existed over a period of years. This hazard caused injury and damages to persons and vehicles lawfully using the highway. This failure constitutes a moral obligation upon which this claim should be allowed. Spradling vs. State Road Comm'n., 5 Ct.Cl. 77 (1949). However, claimant, by his own testimony, was travelling at a rate of 25 to 30 miles per hour. In the opinion of the Court, this speed was too fast *178 for the conditions then and there existing. Therefore, the Court finds that claimant was comparatively negligent. The Court will reduce the award to claimant by ten per cent to reflect this negligence.
Dorinda Fitzwater, claimant's wife, testified concerning claimant's injuries. He spent 19 days in the hospital. He missed four and one-half months of work. For the first two months, he remained completely bedfast, and was unable to do anything without assistance. He was able to walk with a walker when he became ambulatory. He then progressed from the walker to the use of a cane. His injuries included, among others, a pelvis broken in several places, a collapsed lung, an injured rib, and a ruptured bladder. He required a large number of stitches. Therapy treatment assisted him in learning to walk again.
Claimant testified that he was trained as an electrician, but he is no longer able to pursue that livelihood as he cannot carry the necessary tools. He is currently employed as a foreman on projects, but he pointed out that if a foreman's position is not available, it is his opinion that he would be unable to perform as an electrician. He is presently employed as a construction foreman. Claimant also testified that his recreational activities at present are limited. He is unable to romp and play with his two sons, nor is he able to hunt or pursue other sports.
Claimant’s evidence as to damages indicated medical expenses in the amount of $22,476.58 of which claimant is making a claim for $1,100.00. Claimant testified that his work loss was in the amount of $14,500.00. The Court is of the opinion that claimant's damages are in the amount of $35,600.00 which will be reduced by ten per cent for comparative negligence. The Court, therefore, makes an award to claimant in the amount of $32,040.00.
Award of $32,040.00.